HARRIS, Judge.
John Edward Carlton was indicted for and convicted of second degree theft in violation of § 13A-8-4(e), Code of Alabama 1975. He was sentenced, pursuant to Alabama’s Habitual Felony Offender Act, to twelve years’ imprisonment.
The only issue raised on appeal, an issue also raised at trial by a motion to exclude the State’s evidence and a motion for a new trial, is the sufficiency of the State’s evidence.
The appellant was accused of “shoplifting,” a crime classified under our new Criminal Code as second degree theft. Ala. Code § 13A-8-4(e) (1975). The State’s evidence, presented through the testimony of Charles Lewis, the manager of the hardware department at Sears and Roebuck Company in downtown Birmingham, Alabama, was that on October 4, 1980, he witnessed the appellant remove two socket wrench sets priced at $29.99 each from the shelf and place them into a shopping bag. He then followed the appellant as he left the hardware department and proceeded to the store exit by the bakery, approximately 75 feet away. The appellant did not pay for the socket wrench sets. Three feet from the exit of the store the appellant stopped. At that point Lewis confronted him, took his arm, and asked him to accompany Lewis to the office. The appellant jerked his arm away from Lewis and shouted that he had not stolen anything, and that Lewis could not get him for stealing because he had not “left the store with it.” Later, the appellant bragged to Lewis and a security guard that “I can steal any damn thing I want to and I can get away with it.”
Appellant’s evidence consisted of the testimony of Glenn Davis, a close friend of the appellant. Davis stated that he was with the appellant at Sears on October 4, 1980. He had asked the appellant to accompany him and help him select some “sockets” that he (Davis) needed to repair his automobile. Davis was with the appellant in the hardware department for a few minutes but left to take his children to the candy and toy departments. He testified that when he returned to complete his selection of the “sockets” for the repair of his automobile the appellant was gone. After searching the store for the appellant, Davis saw him being placed into a police car outside the store.
Appellant contends that in light of Davis’ testimony and the fact that he had not left the store with the merchandise, the State’s evidence did not prove beyond a reasonable doubt that he was guilty of “shoplifting.”
The evidence in this case is very similar to the evidence presented in Craig v. State, 410 So.2d 449 (Ala.Cr.App.1981). In Craig we analyzed the crime of “shoplifting” as proscribed in § 13A-8-4(e) and concluded, contrary to appellant’s contention, that the crime' can be consummated before the “shoplifter” leaves the store.
Under the circumstances presented in this case, as in Craig, the evidence was sufficient to support a conviction under § 13A-8-4(e), and the ultimate determination of appellant’s guilt or innocence was a question for the jury. See Craig v. State, supra, and cases therein cited.
We have carefully searched the record for errors injuriously affecting the substantial *206 rights of appellant and have found none. The judgment of conviction is affirmed.
AFFIRMED.
All the Judges concur.